■ In the Matter of Archie Culton, Appellant, v New York State Department of Correctional Services, Respondent, et al., Respondent. [785 NYS2d 628]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 22, 2002 in a proceeding pursuant to CPLR article 75. The order dismissed the petition to vacate an arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order dismissing his petition to vacate an arbitration award pursuant to CPLR 7511, petitioner contends that the arbitrator exceeded her power or so imperfectly executed it that a final and definite award could not be made. Petitioner is an employee of respondent New York

State Department of Correctional Services (DOCS) and was the subject of disciplinary proceedings for, inter alia, failing to comply with an order of a supervisor. Petitioner contended that the order was not lawful and requested arbitration. The arbitrator concluded that the order was proper and petitioner's failure to comply with it constituted a violation of section 2.5 of the DOCS Employees' Manual.

The determination of the arbitrator that the order was lawful is a determination that is beyond our review unless that determination violates public policy, is irrational or clearly exceeds a limitation placed on the arbitrator's power (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321, 326 [1999]). Petitioner does not contend that the determination violates public policy, and we conclude that the determination is rational and that the arbitrator did not exceed her power or imperfectly execute it when she disciplined petitioner for his failure to comply with that order. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.